UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| MAJESTIC CAPITAL, LTD., *et al.*,[1] | ) | Case No. 11-36225 (CGM) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER (I) AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO (A) ASSERT AND PROSECUTE CERTAIN CLAIMS AND CAUSES OF ACTION IN THE NAME OF AND ON BEHALF OF THE DEBTORS' ESTATES, AND (B) MOVE FOR AUTHORITY TO COMPROMISE ANY SUCH CLAIMS AND CAUSES OF ACTION, AND (II) GRANTING RELATED RELIEF**

**THIS MATTER** having come before the Court upon the *Motion for Entry of an Order (I) Authorizing the Official Committee of Unsecured Creditors to (A) Assert and Prosecute Certain Claims and Causes of Action in the Name of and on Behalf of the Debtors' Estates, and (B) Move for Authority to Compromise Any Such Claims and Causes of Action, and (II) Granting Related Relief* (the "**Motion**"),[2] pursuant to which the Official Committee of Unsecured Creditors (the "**Committee**") of Majestic Capital, Ltd. and its affiliated debtors (collectively, the "**Debtors**") seeks an order, pursuant to Sections 105(a), 1103(c)(5) and 1109(b) of the Bankruptcy Code, authorizing the Committee to (i) assert and prosecute the Estate Claims in the name of and on behalf of the Estates, and (ii) move for authority, pursuant to Bankruptcy Rule 9019, to compromise any of the Estate Claims, and granting related relief; and good and sufficient notice of the Motion having been given; and the Court having reviewed the Motion, as

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are Majestic Capital, Ltd. (1707), Majestic USA Capital, Inc. (2572), Compensation Risk Managers, LLC (4325), Compensation Risk Managers of California, LLC (3113), Eimar, LLC (5190), and Embarcadero Insurance Holdings, Inc. (6306).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

well as any opposition thereto; and the Court having considered the arguments presented at the hearing held in connection with the Motion; and the Court having found after due deliberation that (i) the Debtors do not object to the Committee being granted the relief requested in the Motion, (ii) granting the Committee the relief requested in the Motion is in the best interests of the Estates and is necessary and beneficial to the fair and efficient resolution of these cases, and (iii) just and sufficient cause exists to grant the relief requested in the Motion; it is hereby

**ORDERED** that the Motion is **GRANTED** as is set forth herein; and it is further

**ORDERED** that the Committee is authorized and shall have the exclusive right, without further order of the Court, to assert and prosecute, in the name of and on behalf of the Estates, the Estate Claims against one or more of the Directors and Officers; and it is further

**ORDERED** that the Committee is authorized and shall have the exclusive right, without further order of the Court, to move for authority, pursuant to Bankruptcy Rule 9019, to compromise any of the Estate Claims; and it is further

**ORDERED** that the Debtors shall not undertake to compromise any of the Estate Claims, whether under Bankruptcy Rule 9019 or otherwise; and it is further

**ORDERED** that the Debtors and the Committee, by their respective counsel, are authorized to enter into one or more agreements governing the exchange and use of the Shared Information pertaining to the Estate Claims, which agreements may, amongst other things, provide that the Shared Information shall be confidential and shall be protected from disclosure to any third parties or their counsel by the Privileges notwithstanding the sharing of the same by and amongst the Debtors and the Committee; and it is further

**ORDERED**, pursuant to Evidence Rule 502(d), that the exchange of the Shared Information by and amongst the Debtors and the Committee shall not result in a waiver of any of

the Privileges that may attach to any Shared Information, either in connection with these cases or in connection with any other federal or state case, proceeding or matter; and it is further

**ORDERED**, pursuant to Evidence Rule 502(e), that all individuals and entities other than the Debtors and the Committee shall be precluded from arguing that any of the Privileges has been waived as a result of the exchange of the Shared Information by and amongst the Debtors and the Committee; and it is further

**ORDERED** that this Court shall retain jurisdiction over any and all matters arising from or relating to the interpretation or implementation of this order.

Dated: Poughkeepsie, New York
       December 12 2011

                                            */s/ Cecelia G. Morris*
                                            Cecelia G. Morris
                                            United States Bankruptcy Judge